ARTHUR S. GROUT, Respondent, *v.* JOHN B. COTTRELL, Appellant.

(Argued October 19, 1894; decided November 27, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made February 7, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

The following is the opinion in full :

" It is our duty to reverse this judgment for error in the admission of evidence on the part and behalf of the plaintiff.

" The action was for a malicious prosecution. The defendant had caused the arrest of plaintiff upon a charge of having

---

* See *ante*, page 537.

stolen a belt and small piece of shafting from a mill which belonged to defendant, but was occupied under a lease by plaintiff. The latter was discharged and brought this suit. At the very outset of the case and before the real controversy was reached, the plaintiff testified that he had purchased a mill of the defendant twenty-seven or twenty-eight years earlier. He was then asked by his own counsel: 'And paid some portion of it?' To which he replied: 'I paid him the interest on $3,000 for upwards of twenty years.' The answer went beyond the scope of the inquiry, and was objected to after it was made, though without any ground stated. The court ruled that the answer might stand 'that he paid a portion of it.' It is apparent that the court meant to take, by its ruling, only so much of the answer as was directly responsive to the question, and to exclude the further statement of the amount paid. There was an exception by the defendant. The plaintiff's counsel obviously understood the ruling as I have stated it, and was dissatisfied with the partial exclusion directed by the court, for he at once asked the explicit question: 'How much did you pay?' To that question the defendant objected; the objection was overruled, and an exception taken. Thereupon the witness began to describe the whole transaction, and the trial judge interrupted, saying: 'The simple question is, how much did you pay in all?' To which the witness replied: 'I paid him in interest money on $3,000 upwards of $2,000 interest money: that was at seven per cent. Then I gave up the property to Mr. Cottrell.' All this had no possible connection with or bearing upon the issues to be tried. Its effect was to gain the sympathies of the jury, at the very beginning of the case, for the plaintiff as a sufferer at the hands of the defendant as an oppressor. It was entirely foreign to the issue, and the general objection was good because it could not be obviated. The trial judge himself, at a later period of the trial, seems to have been impressed with a conviction that the evidence objected to was utterly incompetent. The defendant, realizing the prejudice it might arouse in the minds of the jury, sought to prove that the property was worth $4,500, and cost him that sum, in hopes to mitigate or avert the mischief which had been done.

And now the plaintiff objected, not at all desiring to see the effect of his evidence weakened. The court then said: ' I don't think it is competent; I will strike out the plaintiff's evidence of what he paid, for the purpose of saving any rights that you may have in the matter; the amount they paid, statements who paid it.' Thereupon the plaintiff's counsel excepted, and ventured the slender explanation: ' I thought it was competent to show his good faith in the matter that he bought the property and kept it for quite a long time.' Then the court turned to plaintiff's counsel and said: ' Do you insist on his evidence stating the amount he paid ?' And on receiving an affirmative reply, added: ' Then I think I will let it stand, and let in the other and give you an exception.' It is plain that the court perfectly well understood the situation, and received the improper evidence consciously and not through inadvertence, but chose to throw the responsibility on plaintiff's counsel.

" The evidence was clearly inadmissible, and as clearly injurious to the defendant. No argument about it could make that fact plainer.

" The judgment should be reversed and a new trial granted, costs to abide the event."

*B. A. Benedict* for appellant.

*A. P. Smith* for respondent.

FINCH, J., reads for reversal.
All concur.
Judgment reversed.